UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PATCAP, LLC** | ) | **CASE NO.:** |
| c/o BDB AGENT CO. | ) | |
| 3800 Embassy Parkway, Suite 300 | ) | |
| **Akron, Ohio 44333** | ) | **JUDGE:** |
| | ) | |
| Relator | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| **THERMOCRAFT INDUSTRIES, INC.** | ) | |
| **1700 Barcelona Circle** | ) | |
| **Placentia, CA 92870** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

*Qui tam* relator PatCap, LLC ("PatCap"), for its Complaint against Defendant Thermocraft Industries, Inc. ("Defendant"), alleges as follows:

## BACKGROUND

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. Defendant has marked upon, affixed to, and/or used in advertising in connection with such products the word "patent" and/or words or numbers importing that the product is patented, while Defendant knew that the articles were improperly marked. *See, The Forest Group, Inc. v. Bon Tool Co.*, 590 F.2d 1295, 1302-04 (Fed. Cir., 2009). More specifically, Defendant has violated 35 U.S.C. § 292(a) by using invalid and unenforceable patent rights in advertising with the purpose of deceiving the public.

1

3. 35 U.S.C. § 292 exists to provide the public with notice of a party's valid and enforceable patent rights.

4. False marking deters innovation and stifles competition in the marketplace.  More specifically, falsely marked articles that are otherwise within the public domain deter potential competitors from entering the same market and confuse the public.

5. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

6. False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

7. False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

8. False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.  More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

9. False markings may also create a misleading impression that the falsely marked product is technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

10. 35 U.S.C. § 292 specifically authorizes *qui tam* actions to be brought by any person on behalf of the United States government.  By permitting members of the public to sue on

behalf of the government, Congress allows individuals to help control false marking when the U.S. government does not have the resources to do so.

## THE PARTIES

11. PatCap, LLC is an Ohio limited liability company with a mailing address of c/o BDB Agent Co., 3800 Embassy Parkway, Akron, Ohio 44333.

12. PatCap exists to conduct all lawful business, including but not limited to enforcing the false marking statute as specifically permitted by 35 U.S.C. § 292.

13. In this action, PatCap represents the United States and the public, including Defendant's existing and future competitors.

14. Upon information and belief, Thermocraft Industries, Inc. is a California corporation with its principal place of business at 1700 Barcelona Circle, Placentia, CA 92870.

15. Defendant, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, regularly conducts and transacts business throughout the United States, including in Ohio and within the Northern District of Ohio.

## JURISDICTION AND VENUE

16. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Ohio. Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that are the subject of this Complaint in the United States, the State of Ohio, and the Northern District of Ohio.

18. Upon information and belief, Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio. Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

20. PatCap brings this action under 35 U.S.C. § 292, which expressly provides that any person may sue for the civil monetary penalties imposed for each false patent marking offense.

## **FACTS**

21. PatCap incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Upon information and belief, Defendant is a relatively large, sophisticated company.

23. Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

24. Upon information and belief, Defendant, and its related entities, have years of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, marking its products with patents, and advertising its products as "patented".

25. Upon information and belief, Defendant maintains, or its intellectual property

counsel maintains on Defendant's behalf, an intellectual property docketing system with respect to Defendant's intellectual property rights, including Defendant's patents.

26. Defendant regularly uses the terms "patent" or "patent pending", or other words or numbers importing that a product is covered by a valid and enforceable patent, in the advertising of its products for sale.

27. Defendant knows that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

28. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

29. Defendant's false marking of its products has wrongfully stifled competition with respect to such products thereby causing harm to PatCap, the United States, and the public.

30. Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

31. Defendant has violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1
## FALSE MARKING

32. PatCap incorporates by reference the foregoing paragraphs as if fully set forth herein.

33. The application for United States Patent No. D344,242 (the "'242 Patent"), titled *Skimmer test plug,* was filed on September 4, 1992 and issued by the United States Patent and Trademark Office ("USPTO") on February 15, 1994. *See* Exhibit A.

34. The '242 Patent expired no later than February 15, 2008, more than 2 years ago.

35. Defendant knew that the '242 Patent expired at least as early as 2008.

36. As of September 8, 2010, Defendant continues to use the '242 Patent in advertising in connection with the following products (collectively, the "Products") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '242 Patent expired over 2 years ago: (i) Combination Plug P/N CP450253; (ii) Combination Plug w/ O'Ring P/N CP450253-2; (iii) Skimmer Test Loop Assembly P/N SA450251-1; (iv) Skimmer Test Plug Adapter P/N 475-251; and (v) Skimmer Test Plug Adapter P/N 475-251-2. *See* Exhibit B (The portions of Defendant's Product Catalog (the "Catalog") containing advertisements for the Products. The relevant portions of the Catalog can be obtained at http://www.thermocraftonline.com/ct_PRcp450253.htm, http://www.thermocraftonline.com/ct_PRcp450253-2.htm, http://www.thermocraftonline.com/ct_PRsa450251-1.htm, http://www.thermocraftonline.com/ct_PR475-251.htm and http://www.thermocraftonline.com/ct_PR475-251-2.htm (last retrieved September 8, 2010)).

37. Upon information and belief, Defendant continues to mark upon the Products, or the packaging of the Products, the '242 Patent, despite the fact that the '242 Patent expired more than 2 years ago.

38. Upon information and belief, Defendant updated the Catalog, including its copyright notice, in 2008, after the expiration of the '242 Patent, and purposefully continued to use the '242 Patent in the Catalog to advertise the Products with the intent to deceive the public, despite knowing the '242 Patent had expired.

39. Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Products and marking the Products with an expired and invalid patent violates 35

6

U.S.C. § 292, which only authorizes marking on a "patented" article.

40. Defendant intended to deceive the public by using an expired patent in advertising in connection with the Products and marking or causing to be marked the Products with expired patents, despite knowing that the '242 Patent expired more than 2 years ago.

## PRAYER FOR RELIEF

WHEREFORE, Relator, PatCap, LLC requests the Court, pursuant to 35 U.S.C. § 292, to:

A. Enter judgment against Defendant and in favor of PatCap for the violations alleged in this Complaint;

B. Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292 by using the '242 Patent in advertising, or marketing, selling or offering for sale any product that is marked (including packaging) with the '242 Patent;

C. Enter an injunction ordering Defendant to recall all products, including, without limitation, the Products, that Defendant has sold, caused to be sold or otherwise caused to be placed into commerce that were marked with the '242 Patent, after the expiration date of said patent;

D. Order Defendant to pay a civil monetary fine of up to $500 per false marking violation, one-half of which shall be paid to the United States and one-half of which shall be paid to PatCap;

E. Enter a judgment and order requiring Defendant to pay PatCap prejudgment and

post-judgment interest on the damages awarded;

F.   Order Defendant to pay PatCap's costs and attorney fees; and

G.   Grant PatCap such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Relator demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

DATED:  September 8, 2010

Respectfully submitted:

*/s/ David J. Hrina*
Mark J. Skakun, III (No. 0023475)
David J. Hrina (No. 0072260)

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
3800 Embassy Parkway
Suite 300
Akron, OH 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559

Counsel for Plaintiff
PatCap, LLC

«AK3:1040132_v1»